# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

CIVIL ACTION NO. 17-36-DLB

CARL EUGENE HALCOMB                                                         PLAINTIFF

vs.                      **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL, Acting
**Commissioner of Social Security**                                DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, will affirm the Commissioner's decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2014, Plaintiff Carl Eugene Halcomb applied for disability insurance benefits (DIB) and supplemental security income (SSI), alleging disability beginning on December 6, 2012. (Tr. 198-202; 203-212). Plaintiff's application was denied initially, and again on reconsideration. (Tr. 84-101; 106-125). At Plaintiff's request, an administrative hearing was conducted on November 12, 2015, before Administrative Law Judge (ALJ) Peter Jung. (Tr. 55-82). On December 15, 2015, ALJ Jung ruled that Plaintiff was not entitled to benefits. (Tr. 38-49). This decision became the final decision of the Commissioner on December 13, 2016, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-7).

1

Plaintiff filed the instant action on February 16, 2017, alleging the ALJ's decision was not supported by substantial evidence, contrary to law, and applied the incorrect standards. (Doc. # 3). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 12 and 14).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant has engaged in substantial gainful activity; Step Two, whether any

of the claimant's impairments, alone or in combination, are "severe;" Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. The burden of proof rests with the claimant on Steps One through Four. As to the last step, the burden of proof shifts to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step One, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since December 6, 2012, the alleged onset date of disability. (Tr. 40). At Step Two, the ALJ determined that the Plaintiff has the following severe impairments: gouty arthritis; lumbar impairment with pain; and osteoarthritis of the knees, left shoulder, and left elbow. *Id.* The ALJ determined that the Plaintiff's alleged anxiety and depression were non-severe impairments because they did not cause "more than minimal limitation in [his] ability to perform basic mental work activities." *Id.* At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 41).

At Step Four, the ALJ found that the Plaintiff possesses the residual functional capacity (RFC) to perform work at the light exertional level, as defined in 20 C.F.R. § 404.1567(b), with the following, additional limitations:

3

> [L]ifting and carrying ten pounds frequently and twenty pounds occasionally; pushing/pulling limited to less than [twenty] pounds with left upper extremity; stand and walk six hours in an eight hour workday, and sit six hours in an eight hour workday; occasionally climb ramps and stairs, but never climb ropes, ladders or scaffolds, and occasionally balance, stoop, kneel, crouch, and crawl; frequently reach overhead, laterally, or in front with his left upper extremity; avoid frequent exposure to extreme cold, wetness, vibration, dust, odors, fumes, poor ventilation, or gases; avoid all exposure to heights, machinery and hazards.

(Tr. 41-42). Based on this RFC and relying on the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff was unable to perform his past relevant work as a heavy-equipment operator and plant operator. (Tr. 47). Thus, the ALJ proceeded to Step Five, where he determined that there were other jobs that existed in significant numbers in the national economy that the Plaintiff could perform. (Tr. 48-49). Accordingly, the ALJ ruled that Plaintiff was not under a disability, as defined in the Social Security Act. (Tr. 49).

C.   **Analysis**

Plaintiff advances two arguments in his Motion for Summary Judgment. (Doc. # 12). First, Plaintiff claims that the ALJ erred in weighing the medical opinion testimony. *Id.* at 10-13. Second, Plaintiff argues that the determination that [he] is not disabled is not supported by substantial evidence. *Id.* at 13-14. The Court will consider each argument in turn.

1. ***The ALJ did not err in weighing the medical opinion testimony.***

In social security disability cases, medical evidence may come from treating sources, non-treating sources, and non-examining sources. 20 C.F.R. § 404.1527. A treating source is the claimant's "own acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.*; *Abney v. Astrue*, No. 5:07-cv-394-

4

KKC, 2008 WL 2074011, at *11 (E.D. Ky. May 13, 2008). A non-treating source is an acceptable medical source who has examined the claimant, but does not have an ongoing treatment relationship with him, while a non-examining source has provided medical or other opinion evidence in the case without examining the claimant. *Id.*

Plaintiff takes issue with the ALJ's decision to give little weight to the testimony of Doctor Robert Hoskins and Physical Therapist William Andrews, both non-treating sources. (Doc. # 12 at 10-13). Relatedly, Plaintiff claims that it was error for the ALJ to accord greater weight to the State Agency Medical Consultants, who are non-examining sources. *Id.*

### a. Non-Treating Sources

Unlike testimony from a treating source, the medical opinion evidence from a non-treating source is usually not entitled to controlling weight. 20 C.F.R. § 404.1527(c)(2). When determining how much weight to accord a non-treating physician's opinion, the ALJ is guided by five factors: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; and (5) the specialization of the treating source. 20 C.F.R. § 404.1527(d)(2); *Davenport v. Astrue*, No. 3:06-cv-402, 2008 WL 641131 at *6 (S.D. Ohio Mar. 4, 2008). The ALJ reserves the right to evaluate the claimant's RFC and to apply vocational factors. 20 C.F.R. § 404.1527(d)(2). However, the ALJ must give his reasons for the weight he assigns each medical opinion. SSR 96-5p, 1996 WL 362206 (July 2, 1996).

### i. Doctor Robert Hoskins

Doctor Hoskins, a non-treating source, conducted a consultative physical examination of Plaintiff on April 27, 2015. (Tr. 544-546). Doctor Hoskins "observed a trace of rhonchi in the lungs, swelling of the PIP joints, and some loss of grip strength." (Tr. 44; Tr. 545). Additionally, there was "swelling in the right great toe, thirty degrees of hallux valgus on the right foot, crepitus in the knees, a slight decrease in abduction of the right shoulder, and difficulty with extension of the left shoulder." *Id*. Doctor Hoskins also completed a "Medical Assessment of Ability to Do Work-Related Activities" and proposed a number of work-related limitations. (Tr. 545-546; 547-550). Specifically, Doctor Hoskins suggested severe limitations in lifting and carrying, ambulation, standing, reaching and handling, and pushing and pulling. *Id*. To support such limitations, Doctor Hoskins stated:

> The patient's medical findings that support this assessment is that he is uncomfortable in the chair in the office. He sat for roughly 40 minutes and changed positions intermittently. It is also supported due to the history of chronic lumbago, along with disc bulging and bone spurring in the lumbar spine.

(Tr. 545). Doctor Hoskins also opined that Plaintiff should not climb, balance in situations where a fall would be particular dangerous, and could rarely stoop, crouch, kneel, or crawl. (Tr. 546). With respect to Plaintiff's mental ability, Doctor Hoskins found that Plaintiff "had difficulty remembering" and "might be a slow learner" and opined that Plaintiff's "depressive illness will likely limit his ability to learn new tasks, complete tasks, limit productivity and several issues may lead to unexplained absenteeism." *Id*.

The ALJ gave Doctor Hoskins's opinion evidence little weight. (Tr. 47). The ALJ determined that Doctor Hoskins's opinions contained "much more limited physical

abilities" than the objective medical evidence supported and conflicted with the record evidence as a whole. *Id.* Specifically, the ALJ explained that Doctor Hoskins's opinions conflicted "with evidence in treatment notes describing a very good level of activities of daily living as well as the limited medical signs and findings in the treatment notes showing much less wrong with claimant, and indications that [Plaintiff's] pain is controllable with prescription pain medication." *Id.* Similarly, the ALJ gave little weight to Doctor Hoskins's opinions regarding Plaintiff's mental limitations "in light of little or no evidence of treatment for mental and emotional impairments, the mental status examinations in treatment notes showing intact memory, judgment and insight and normal mood and affect, and [Plaintiff's] good level of activities of daily living, all of which suggest that [Plaintiff] has no severe mental and emotional impairments." *Id.*

Because the ALJ detailed his reasons for giving Doctor Hoskins's opinions little weight in accordance with 20 C.F.R. § 404.1527(c), the Court finds no error in the ALJ's treatment of Doctor Hoskins's medical opinions.

### ii.     Physical Therapist William Andrews

Physical Therapist William Andrews, a non-treating source, conducted a functional capacity examination of Plaintiff on February 11, 2015. (Tr. 541-543). Mr. Andrews observed that the Plaintiff "demonstrated signs of physical distress relative to both the lower back and the left upper extremity" during testing. (Tr. 542). Mr. Andrews also noted a number of range of motion and strength deficits, including Plaintiff's inability "to grab or grasp even very light objects for the purpose of either material manipulation or body positioning," "difficulty with reaching out to the side," inability "to reach behind his body," inability "to perform most material handling" when "reaching below knee height" and

7

"reaching above forehead height or anywhere out to the left side of his body." *Id.* Mr. Andrews also noted that the Plaintiff experienced pain "during most testing procedures," which "remained at most times above level 6/10, which would additionally limit both monetary work ability, as well as the ability to sustain work over any significant portion of a normal work shift." (Tr. 543).

The ALJ accorded Mr. Andrews's opinion evidence little weight. (Tr. 47). As with Doctor Hoskins's opinions, the ALJ determined that Mr. Andrews's opinions contained "much more limited physical abilities" than the objective medical evidence supported and conflicted with the record evidence as a whole. *Id.* Specifically, the ALJ explained that Mr. Andrews's opinions conflicted "with evidence in treatment notes describing a very good level of activities of daily living as well as the limited medical signs and findings in the treatment notes showing much less wrong with claimant, and indications that [Plaintiff's] pain is controllable with prescription pain medication." *Id.*

Because the ALJ considered the appropriate factors and detailed his reasons for giving Mr. Andrews's opinions little weight in accordance with 20 C.F.R. § 404.1527(c), the Court finds no error in the ALJ's treatment of Mr. Andrews's medical opinions.

### b.    Non-Examining Sources

Despite the Plaintiff's argument to the contrary, the ALJ did not err by according greater weight to the State Agency Medical Consultants, Doctor Jack Reed and Psychiatrist Jessy Sadovnik. Generally, the Commissioner will "give more weight to the opinion of a source who has examined [the Plaintiff] than to the opinion of a source who has not examined him." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010). However, "[i]n appropriate circumstances, opinions from State agency medical …

consultants … may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, *3 (July 2, 1996); *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012) ("So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive this court's review. Accordingly, we conclude that the ALJ did not err in assigning greater weight to the opinions of the nonexamining consultants."); *Durrette v. Comm'r of Soc. Sec.*, No. 94-3734, 1995 WL 478723, at *3-4 (6th Cir. 1995) (concluding that it was proper for the ALJ to give greater weight to the reviewing doctors' opinions because the treating physician's opinion was conclusory, not supported by objective evidence, and controverted by other medical opinion testimony).

Here, the ALJ accorded great weight to the opinions of Doctor Jack Reed and Psychiatrist Jessy Sadovnik, the State Agency Medical Consultants. (Tr. 47). In doing so, the ALJ explained that those opinions were "consistent with the overall evidence in the record." Specifically, the ALJ detailed the consistencies between the State Agency Medical Consultants' opinions and the objective medical evidence, which demonstrated that Plaintiff was "doing well with medication" and his current pain-management regimen, and was supported by his activities of daily living, which included yard work. *Id*. Therefore, the "ALJ's decision to place more weight on the conclusions of [the State Agency Medical Consultants] than those of [the non-treating examining sources] is supported by substantial evidence." *Ealy,* 594 F.3d at 515.

### 2. The ALJ's RFC findings are supported by substantial evidence.

A RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain,

9

may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."  SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996).  Stated another way, the RFC is "what an individual can still do despite his or her limitations." *Id.* "In assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [the ALJ] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e).  The ALJ is only required to incorporate those limitations that she finds credible in the RFC assessment. *Irvin v. Social Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

The Plaintiff generally complains that the ALJ's RFC determination is not supported by substantial evidence.  (Doc. # 12 at 13-15).  In support of this vague complaint, the Plaintiff advances two arguments.  Each argument will be address in turn.

First, the Plaintiff argues that the ALJ's "selective inclusion of only portions of the pertinent evidence which cast [him] in an unfavorable light was improper." *Id.* at 13.  This argument amounts to an allegation that the ALJ cherry-picked evidence to support his RFC finding.  Such an "allegation is seldom successful," however, "because crediting it would require a court to re-weigh record evidence." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014).  That is not the role of this Court.  "When deciding under 42 USC § 405(g) whether substantial evidence supports the ALJ's decision, [courts] do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

Despite the "quite deferential" standard of review, the ALJ must still make all determinations "based upon the record in its entirety." *Rogers v. Comm'r of Soc. Sec.*,

486 F.3d 234, 249 (6th Cir. 2007). When constructing a claimant's RFC, the ALJ must take into account all relevant medical and other evidence. 20 C.F.R. § 404.945(3). Assessing the record as a whole "helps to ensure that the focus in evaluating an application does not unduly concentrate on one single aspect of the claimant's history, if that one aspect does not reasonably portray the reality of the claimant's circumstances." *Rogers*, 486 F.3d at 249. If the ALJ examined the record as a whole and the ALJ's decision is supported by substantial evidence, then this Court must affirm the ALJ's decision, even if the Court might have decided the case differently. *Listenbee*, 846 F.2d at 349.

Here, the ALJ took all relevant medical evidence into account. The ALJ methodically examined the entirety of the record when assessing Plaintiff's RFC. (Tr. 41-47). The ALJ explained the guidelines for evaluating Plaintiff's symptoms and then detailed his reasoning for concluding that Plaintiff's subjective complaints were "not entirely credible." (Tr. 42). The ALJ detailed Plaintiff's medical history and evaluated all objective medical evidence and explained his reasoning for weighing the medical opinion testimony of each source. (Tr. 42-47). The ALJ also considered Plaintiff's work history and his reported activities of daily living. *Id*.

The Plaintiff points to no helpful evidence that the ALJ ignored. While the ALJ weighed the evidence contrary to how the Plaintiff preferred, the ALJ did not "fail[ ] to mention" or "analyze" the "evidence in the record." *Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 436 (6th Cir. 2013). Thus, the ALJ did not engage in any type of improper cherry-picking. Instead, he properly considered the record as a whole. Accordingly, the Court finds no error in the scope of the ALJ's analysis.

Second, the Plaintiff claims that "it was improper for the [ALJ] to ignore the claimant's physical restrictions and his marked mental limitations." (Doc. # 12 at 14). Relatedly, the Plaintiff claims that "based on [his] physical and psychological conditions, [he] should have been found disabled." *Id.* Of course, it does not matter if substantial evidence does support his disability, so long as it also supports a finding of "not disabled." *Her*, 203 F.3d at 389-90 (holding that "[e]ven if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the decision reached") (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also Listenbee*, 846 F.2d at 349. As a result, it does not matter if Plaintiff, or even this Court, believes substantial evidence supports a different disability determination. All that is required of the ALJ is that he render a decision that is supported by substantial evidence. The ALJ has done so here.

At Step Four of the analysis, the ALJ carefully reviewed the record and found that the Plaintiff was capable of doing light work with the additional limitations specified. (Tr. 41-42). The ALJ incorporated supported physical limitations, detailed why other physical and mental limitations were not incorporated, considered the objective medical evidence, and properly discounted Plaintiff's subjective symptoms to the extent that they lacked credibility. (Tr. 42-47). Because the ALJ incorporated the limitations that he found credible in the RFC and properly weighed the medical opinion testimony, there is no error. Therefore, substantial evidence supports the ALJ's determination that Plaintiff was not disabled.

### III. CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled for purposes of the Social Security Act was supported by substantial evidence.

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 12) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 14) is hereby **GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 11th day of January, 2018.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\SocialSecurity\MOOs\London\17-36 Halcomb MOO.docx